United States District Court
Southern District of Texas
FILED

OCT 0 8 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

DIX INDUSTRIES, INC., §
    Plaintiff, §
     §
v. § CIVIL CAUSE NO. B-03-177
     §
E.D. & F. MAN SUGAR, INC., §
*in personam*, and M/V NELSON, §
her engines, tackle, apparel, etc., *in rem*, §
    Defendants. §

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW DIX INDUSTRIES, INC., hereinafter referred to as Plaintiff, and files this its Original Complaint against the E.D. & F. MAN SUGAR, INC., *in personam*, and M/V NELSON, her engines, tackle, apparel, etc., *in rem*, and by way of original complaint, would respectfully allege as follows:

### I.

### JURISDICTION

1.01. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Federal Procedure. Jurisdiction is vested by virtue of the provisions of 28 U.S.C.A. § 1333, 46 U.S.C.A. §§ 1300 et seq. (COGSA), and 46 U.S.C.A. § 190 (Harter Act).

1.02. Alternatively, pendent jurisdiction exists by virtue of the diversity of the parties and that fact that the amount in controversy exceeds the jurisdictional requirements of the Court pursuant to 28 U.S.C.A. § 1332.

## II.

## PARTIES

2.01. Plaintiff, DIX INDUSTRIES, INC., is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in Cameron County, Texas.

2.02. Upon information and belief, Defendant Charterer, E.D. & F. MAN SUGAR, INC. ("E.D. & F."), is the time charterer of the vessel known as the M/V Nelson and may be served with process by serving the master of said vessel currently moored at Dock 4, Port of Brownsville, Texas.

2.03. The Defendant Vessel, M/V NELSON, is a foreign Flag Vessel and is now moored at dock 4, Port of Brownsville, Texas within the Southern District of Texas and within the jurisdiction of this Honorable Court, where service of process may be had.

## III.

## FACTS

3.01. Plaintiff would respectfully show the Court that on or about September 10, 2003, Plaintiff entered into a contract with Defendant Charterer and Defendant Vessel to act as stevedore and discharge Defendant Vessel's cargo at the Port of Brownsville, Cameron County, Texas.

3.02. Upon entering Defendant Vessel, Plaintiff discovered that the cargo stowed upon Defendant Vessel, 18,000 metric tons of sugar, was stowed improperly and in such a manner as to cause Plaintiff unexpected and unavoidable difficulty in unloading and discharging said cargo.

3.03. The cargo was stowed in such a manner as to render Defendant Vessel unseaworthy.

3.04. As a result of the improper stowage of said cargo, Plaintiff has been delayed in the discharging of the cargo and forced to hire additional labor and expend additional moneys beyond that which was contemplated at the time Plaintiff entered into the agreement to act as stevedore.

3.05. Plaintiff entered into the contract to act as stevedore based on representations made by Defendant Charterer that the cargo would be stowed in pre-slung bundles that could be hoisted from Defendant Vessel's holds by nylon straps.

3.06. As previously stated, when Plaintiff entered Defendant Vessel it discovered that the stowage of the cargo was in an improper and unseaworthy manner.

3.07. Plaintiff further discovered that the nylon straps securing the bundles failed causing the bundles of cargo to break apart and shift.

3.08. These representations were of a material fact in that Plaintiff has been required to perform additional work and expend additional moneys in order to unload and discharge the loose cargo.

## IV.

## **UNSEAWORTHINESS**

4.01. As described above, the manner in which the cargo of Defendant Vessel was stowed rendered the vessel unseaworthy in that the cargo shifted and broke loose in the hull of Defendant Vessel.

4.02. Defendant Vessel and Defendant Charterer had a duty to maintain their vessel in a seaworthy manner.

4.03. This breach of the duty of Defendant Vessel and Defendant Charterer to maintain the vessel and its cargo in a condition reasonably fit for its intended use rendered her unseaworthy; and as a direct result of her unseaworthy condition, Plaintiff suffered damages, to wit the additional costs and expenses associated with the discharge of Defendant Vessel's cargo.

4.04. Additionally, both Defendant Vessel and Defendant Charterer knew of the condition of the cargo and cargo packaging upon its stow and totally and wholly failed to remedy the situation.

## V.

## **BREACH OF CONTRACT**

5.01. Plaintiff sues Defendants for breach of contact in that the stowage of cargo in the holds of Defendant Vessel was not as represented and agreed, and as a direct result of Defendants misrepresentations and failure to adequately compensate Plaintiff for work performed under the contract, Plaintiff has suffered damages.

## VI.

## **NEGLIGENCE**

6.01.. As a merchant vessel, Defendants owes a duty to stevedores and those whose property comes in contact with the vessel to keep said vessel and its equipment and stow in a safe and functioning manner.

6.02. Said duty arises from the nature of the business in which Defendants engage and the operation of the Defendant Vessel.

6.03. Further, Defendants owed a duty to Plaintiff to maintain the equipment used in the performance of stevedore services based on the relationship of the parties under the performance of said stevedore services and under the charter agreement.

6.04. Defendants breached this duty to Plaintiff by negligently failing to properly maintain its stow and cargo hold in a safe and functioning manner, making it not reasonably fit for its intended use.

6.05. As a direct and proximate cause of Defendants' breach of said duty, Plaintiff suffered injury and damages, to wit the additional costs and expenses to discharge the cargo from Defendant Vessel.

## VII.

## FRAUD

7.01. Additionally and alternatively, Plaintiff alleged fraud.

7.02. At the time Defendants made the representations that the cargo was stowed in an acceptable manner: (1) Defendants knew the representations were false; (2) they were misrepresentations of material facts; (3) Defendants intended that Plaintiff rely on the misrepresentations; (4) Plaintiff did rely on Defendants' misrepresentations; and (5) as a direct result, Plaintiff suffered injury and damages.

## VIII.

## QUANTUM MERUIT

8.01. Additionally and alternatively, Plaintiff has supplied and provided Defendants certain services, namely stevedoring services.

8.02. Plaintiff expected and anticipated to be paid for said services.

8.03. Defendants received the services and benefitted from said services.

8.04. Defendants would be unjustly enriched if it does not pay Plaintiff for the services.

## IX.

## ARREST OF DEFENDANT VESSEL

9.01. As a stevedore, Plaintiff maintains a Maritime Lien for all charges and expenses claim by Plaintiff, and seeks to foreclose on said lien.

9.02. As of the date of filing this complaint, Plaintiff is continuing to unload and discharge the subject cargo at the Port of Brownsville.

9.03. Defendant Vessel is moored at the Port of Brownsville, and is expected to remain there only until Defendant Vessel's cargo has been completely discharged.

9.04. Accordingly, Plaintiff would respectfully request that a substitute custodian be appointed and Defendant Vessel be arrested and placed in custodial care, so that Plaintiff may be allowed to continue unloading and discharging Defendant Vessel's cargo and Defendant Vessel will not be able to leave the jurisdiction of the Court.

## X.

## DAMAGES

10.01. As a result of the foregoing incident, Plaintiff has been damaged in an amount in excess of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00.)

10.02. Further, despite the fact that Plaintiff has made demand for payment, the owner of the cargo and time charterer of Defendant Vessel, Defendant Charterer, has refused to make payment for the additional costs and expenses incurred by Plaintiffs or even acknowledge that they will be responsible for the payment of said additional costs and expenses.

10.03. For all said damages, Plaintiff claims a Maritime Lien upon said Defendant Vessel.

## XI.

## ATTORNEYS' FEES

11.01. Plaintiff would further show the Court that by reason of the foregoing and in order to protect its interests, Plaintiff has been required to retain the services of the undersigned attorney

and is entitled to recoup reasonable attorney's fees, plus costs of suit in connection with the collection of the damages set forth herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. that process in due form of law issue against Defendant Charterer, E.D. & F. MAN SUGAR, INC., and Defendant Vessel, M/V NELSON, her cargo, engines, equipment, tackle and apparel, etc.;

2. that the Defendant Vessel, M/V NELSON, her cargo, engines, equipment, tackle and apparel, etc., be arrested and condemned under the lien hereinbefore described;

3. that the maritime lien in favor of Plaintiff be foreclosed and Defendant Vessel, M/V NELSON, her cargo, engines, equipment, tackle and apparel sold to pay the demands and claims of the Plaintiff herein;

4. that the Court enter an order herein directing that said Defendant Vessel, M/V NELSON, her cargo, engines, apparel, tackle, etc. be sold in the manner provided by law to answer the judgment for the amount alleged due to the Plaintiff herein;

5. that all persons claiming an interest in the vessel be cited to appear and answer on oath, all and singular, the matters aforesaid;

6. that it be decreed that any and all persons, firms, or corporations claiming any interest in the vessel are forever barred, foreclosed of and from all right of equity or redemption or claim of, in or to the vessel and any part thereof;

7. that the Court render a judgment awarding Plaintiff its damages against Defendant Charterer, E.D. & F. MAN SUGAR, INC., *in personam,* and M/V NELSON, her cargo, engines, tackle, apparel, etc., *in rem,* together with prejudgment interest at the

maximum rate allowed by law, expenses incidental to the necessary filing of this suit, including bonds, deposits, marshal's fees, and insurance, reasonable attorney's fees and costs of court; and

8. that Plaintiff have such other and further relief, both at law and in equity, to which it may be justly entitled.

        Respectfully submitted,

        SANCHEZ, WHITTINGTON, JANIS
        & ZABARTE, L.L.P.
        100 North Expressway 83
        Brownsville, Texas 78521-2284
        (956) 546-3731 - Telephone
        (956) 546-3765 or 3766 - Fax

By: _____
     C. Frank Wood
     State Bar No. 24028136
     Federal Bar No. 29870
     Dennis Sanchez
     State Bar No. 17569600
     Federal Bar No. 1594

ATTORNEYS FOR PLAINTIFF
DIX INDUSTRIES, INC.

## **VERIFICATION**

THE STATE OF TEXAS    §
                     §
COUNTY OF CAMERON    §

BEFORE ME, the undersigned authority, on this day personally appeared ROBERT OSTOS, who being by me duly sworn on oath stated and said the following:

"My name is ROBERT OSTOS. I am President of DIX INDUSTRIES, INC., a Texas corporation and the Plaintiff in the above entitled cause. I have read the foregoing Complaint and am familiar with the contents thereof. The facts stated in said Plaintiff's Original Complaint and contents thereof are true and correct to the best of my personal knowledge and belief."

ROBERT OSTOS, President of
DIX INDUSTRIES, INC.

SWORN TO AND SUBSCRIBED TO before me by the said ROBERT OSTOS, to certify which witness my hand and seal of office, on this ___ day of October, 2003.

Notary Public, State of Texas

My Commission Expires:



PAULITA YOUNGER
MY COMMISSION EXPIRES
February 11, 2005

## VERIFICATION

THE STATE OF TEXAS §
§
COUNTY OF CAMERON §

BEFORE ME, the undersigned authority, on this day personally appeared ROBERT OSTOS, who being by me duly sworn on oath stated and said the following:

"My name is ROBERT OSTOS. I am President of DIX INDUSTRIES, INC., a Texas corporation and the Plaintiff in the above entitled cause. I have read the foregoing Complaint and am familiar with the contents thereof. The facts stated in said Plaintiff's Original Complaint and contents thereof are true and correct to the best of my personal knowledge and belief."

ROBERT OSTOS, President of
DIX INDUSTRIES, INC.

SWORN TO AND SUBSCRIBED TO before me by the said ROBERT OSTOS, to certify which witness my hand and seal of office, on this _____ day of October, 2003.

Notary Public, State of Texas

My Commission Expires:



PAULITA YOUNGER
MY COMMISSION EXPIRES
February 11, 2005